IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT WEAVER, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:24-CV-2153-D |
| VS. § | |
| § | |
| EVERLAKE LIFE INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this removed insurance dispute, plaintiffs Robert Weaver, Peter Weaver, and Gabriela Weaver (collectively, the "Weavers") move under Fed. R. Civ. P. 15 to amend their complaint to join as defendants OneMain Solutions ("OneMain") and American Health and Life Insurance Company ("American"), the alleged claims administrators. Defendant Everlake Life Insurance Company ("Everlake") opposes the motion. For the reasons that follow, the court grants the motion.

I

The Weavers filed this lawsuit against Everlake in Texas state court alleging claims under Texas law for breach of contract, bad faith/breach of duty of good faith and fair dealing, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices-Consumer Protection Act. Everlake removed the case to this court based on diversity jurisdiction and filed its answer, alleging as affirmative defenses that no action by

Everlake actually or proximately caused injury to the Weavers. The Weavers now seek to amend their complaint under Rule 15, contending that Everlake employed OneMain and American as claims administrators and "[o]ne or both of these two defendants may have processes or policies that led to the underpayment at issue." P. Mot. (ECF No. 20) at 2. Everlake opposes the motion based on the Weavers' failure to comply with N.D. Tex. Civ. R. 15.1 and on the merits. The court is deciding the motion on the briefs, without oral argument.[1]

II

Consistent with its usual practice, the court declines to deny the Weavers' motion based on their failure to attach the proposed amended complaint as an exhibit, as Rule 15.1 requires. *See, e.g.*, *United States ex rel. Johnson v. Raytheon Co.*, 395 F.Supp.3d 791, 799 n.7 (N.D. Tex. 2019) (Fitzwater, J.) (declining to deny leave based on movant's failure to attach proposed amended pleading as an exhibit, in violation of Rule 15.1).

III

Turning to the merits, Rule 15(a) governs timely-filed motions for leave to amend a pleading. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Garcia v. Zale*

---

[1] Everlake filed its opposition response to the Weavers' motion on November 12, 2024, making the Weavers' reply due on November 26, 2024. No reply has been filed, and the motion is now ripe for decision.

*Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971)).  Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)).  In deciding whether to grant leave to amend, the court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (citing cases).

Everlake opposes the Weavers' motion based on what appears to be a futility argument.  It contends that it is not attempting to shift any blame to its claims administrators and that "there is no blame to shift . . . because Everlake paid the maximum amounts Plaintiffs were entitled to pursuant to the terms of the policy."  D. Br. (ECF No. 23) at 3. Regarding the affirmative defenses that the Weavers rely on to support their motion, Everlake explains that it "is not attempting to shift blame to [OneMain] and [American] in light of the affirmative defenses made by Plaintiffs.  Rather, Everlake asserted these affirmative defenses as these facts demonstrate Plaintiffs have suffered no injuries as the claims were fully paid pursuant to the terms of the policy."  *Id.* at 4-5.

This court's almost unvarying practice when futility is raised is to address the merits of the claim in the context of a Rule 12(b)(6) or Rule 56 motion.[2]

---

[2]A Rule 12(c) motion would also be an appropriate vehicle for challenging the merits of a claim.

> The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer. Therefore, the court suggests no view regarding the merits of these claims, leaving that question to a decision in response to an appropriate motion.

*Baldwin v. Kenco Logistics Servs., L.L.C.*, 2021 WL 5908897, at *1 (N.D. Tex. Dec. 14, 2021) (Fitzwater, J) (quoting *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *2 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)). The court therefore declines to hold in the context of the Weavers' motion for leave to amend that their proposed claims against OneMain and American would be futile. And Everlake does not argue that any of the other factors that the court usually considers when deciding a motion under Rule 15(a)(2) apply.

The court therefore concludes under the liberal Rule 15(a)(2) standard that there are no sufficient reasons to deny the Weavers leave to amend, and it grants their motion.

\* \* \*

Accordingly, the court grants the Weavers' motion for leave to file an amended complaint to join OneMain and American. They must file their amended complaint within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

December 6, 2024.

                                                             _____
                                                             SIDNEY A. FITZWATER
                                                             SENIOR JUDGE